UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CLEVELAND GRIGSBY, JR., | ) | CASE NO. 3:10 CV 2204 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| TERRY COLLINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Cleveland Grigsby, Jr. filed the above-captioned action under 42 U.S.C. §1983 against former Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, ODRC Chief Inspector Gary Croft, Allen Correctional Institution ("ACI") Warden Jesse S. Williams, ACI Institutional Inspector Ed Dunn, ACI Unit Manager Cynthia Zwiebel, and ACI Unit Manager Administrator Brooke Featheringham. In the Complaint, Plaintiff alleges he was not permitted to keep all of his legal materials after his transfer to another institution. He seeks monetary and injunctive relief.

**Background**

Mr. Grigsby was transferred from the Lebanon Correctional Institution ("LCI") to the Allen Correctional Institution ("ACI") on October 5, 2009. His personal property was transferred with

him. When he arrived at ACI, he was told he could not keep all of the property in his possession. In Ohio, prisoners may not possess more than 2.4 cubic feet of combined state and personal property, excluding bedding, coats, jackets, permitted shoes, and large items such as televisions. OHIO ADMIN. CODE § 5120-9-33(B). An inmate's legal property is also subject to this storage space restriction. *Id.* There are limited exceptions to this rule to facilitate an inmate's access to courts. Documents such as pleadings, motions, judgments and transcripts, which pertain to active cases may be considered for additional storage in a secure location designated by the prison. Ohio Dep't. of Rehab. and Corr. Regulation § 59-LEG-01. General legal material such as law books, form books, photocopies of research materials, blank legal forms and stationary are always subject to the 2.4 cubic feet space limitations. *Id.* In addition, before such a request for additional storage of personal legal material can be granted, the inmate must make reasonable efforts to reduce the amount of legal material in his possession. *Id.* Although Mr. Grigsby had been given permission for additional storage for legal property at LCI, he was not permitted to retain all of his materials when he arrived at ACI.

Mr. Grigsby contends that shortly after his arrival at ACI, he was called to Unit Manager Cynthia Zwiebel's office to discuss the disposition of his legal property. Mr. Grigsby anticipated he would have to inventory the materials, but instead, he was told to choose the things that were essential to him and send the rest home. He claims Ms. Zwiebel told him his law books would have to fit them within his 2.4 box, be sent out, donated or destroyed. He contends she did not inventory his legal materials to determine whether an exception to the space requirements could be granted. He was required to mail home legal reference books, copies of research, and other materials. Mr. Grigsby claims access to the prison's law library is limited, and he requires the legal reference books to conduct research after hours.

Mr. Grigsby filed grievances in an attempt to gain permission to keep his legal material that would not fit within his 2.4 cubic foot box. He claims he sent an Informal Complaint Resolution form to the Unit Manager Administrator Ms. Featheringham. He states she supported Ms. Zwiebel's decision. He filed a Notification of Grievance form with the ACI Institutional Inspector Ed Dunn. He claims Mr. Dunn upheld the decision of Ms. Zwiebel. He contends if Mr. Dunn had done a thorough investigation, he would have arrived at a different conclusion. He filed an Appeal of that decision to the Chief Inspector. He claims Chief Inspector Gary Croft failed to issue an opinion favorable to him. Finally, Mr. Grigsby contends Warden Williams and former ODRC Director Terry Collins failed to properly control and manage their subordinates. He asserts he was denied access to the courts.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

To state a claim for denial of access to the courts, Mr. Grigsby must demonstrate he suffered actual injury as a result of the actions of the Defendants. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[2] *Id.* at 355.

In support of the claim of actual injury, Mr. Grigsby indicates he is serving a life sentence and "is actively compiling and pursuing legal options involving appealing [his] case." (Compl. at 5a). He does not specify what legal options he was actively pursuing, or how the defendants' actions prevented him from filing or caused the rejection of a specific action.[3] Similarly, Mr. Grigsby states, without explanation, that he was actively pursuing a case in federal court when he was required to send his legal materials to his home. (Compl. at 5b.) He does not specify any

---

[2] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355.

[3] Mr. Grigsby was convicted of murder on May 31, 2000. *See State of Ohio v. Grigsby*, No. 18354, 2001 WL 585685, (Ohio App. 2 Dist. June 21, 2001). His conviction was affirmed by the Ohio Court of Appeals in June 2001. *Id.* He did not timely appeal that decision to the Ohio Supreme Court but later attempted in October 2001 and May 2002 to file a delayed appeal. Those Motions were denied. *See Grigsby v. Brigano*, No. 3:03 CV 147, 2006 WL 2728696 at *1 (S.D. Ohio Sept. 22, 2006). Mr. Grigsby was transferred to ACI in 2009, seven years after his last direct appeal had concluded.

particular federal court action pending in 2009.[4]  There are no allegations in the Complaint indicating any of the Defendants prevented the filing or caused the rejection of a particular habeas corpus petition or civil rights action.  *See Hadix*, 182 F.3d at 405.  Without a claim of actual injury, Mr. Grigsby's access to the courts claims must be dismissed.

Moreover, even if Mr. Grigsby had stated a claim for denial of access to the courts, he could not hold ODRC Director Terry Collins, or ACI Warden Jesse S. Williams liable for the actions of an employee under a theory of *respondeat superior*.  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984).  Liability cannot attach where it is based upon a mere failure to act.  *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999).  Instead, the supervisors must have actively engaged in the unconstitutional behavior.  *Id.*  Liability therefore must be premised upon more than a mere right to control employees and cannot rely on simple negligence.  *Id.*  Mr. Grigsby must prove that these Defendants did more than play a passive role in the alleged violations or show mere tacit approval of the actions of employees. *Id*. He must show that these supervisors somehow encouraged or condoned the actions in question.  *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995).  There are no allegations in the Complaint that reasonably suggest  Terry Collins, or Jesse Williams had any personal involvement in the decision to deny Mr. Grigsby additional storage space.

Finally, Mr. Grigsby included claims against Brooke Featheringham, Gary Croft and Ed Dunn based on their responses to his grievances.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983.

---

[4]  Mr. Grigsby filed a Petition for a Writ of Habeas Corpus in the United States District Court for the Southern District of Ohio on April 30, 2003.  *Id.*  The Petition was denied on September 22, 2006.  *Id.* The dockets for the Northern District of Ohio and Southern District of Ohio do not show a case filed by Mr. Grigsby that was pending in 2009.

*Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). The denial of the grievance is not the same as the denial of legal materials. *Id.*

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1915(a) provides, in pertinent part:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.